UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LEEERIC TYRONE BESS** | **CASE NO. 3:20-cv-0586** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **GRAPHIC PACKAGING INTERNATIONAL, LLC** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment [Doc. No.14] filed by the Defendant Graphic Packaging International, Inc. (GPI"). An Opposition [Doc. No. 17] was filed by Plaintiff, Leeeric Tyrone Bess ("Bess") on February 11, 2021. A Reply [Doc. No. 18] was filed by GPI on February 17, 2021.

For the reasons set forth herein, GPI's Motion for Summary Judgment is GRANTED.

**I. BACKGROUND**

Bess has been an hourly wage employee of GPI since November 3, 2014. The terms of employment for hourly wage employees are governed by a collective bargaining agreement ("CBA") between GPI and the United Steel Paper and Forestry, Rubber Manufacturing, Energy, Allied Industrial, and Service Workers International Union AFL-CIO, Local 654 (collectively "the Union"). The applicable CBA was effective September 1, 2017 through October 31, 2021.

Bess was terminated on June 22, 2019. According to the Affidavit of Kevin Cuppia[1] [Doc. No. 14-1], Bess began using his Family Medical Leave Act ("FMLA") time during 2017

---

[1] The facts in the Kevin Cuppia Affidavit have not been disputed by Bess.

and exhausted his FMLA benefits in December, 2017. Bess again took a leave of absence from GPI on December 22, 2017 and submitted an application for Accident and Sickness ("A&S") leave.

In February, 2018, Bess also filed an action seeking worker's compensation benefits maintaining that the basis for his time away from work was due to a work-related injury. The worker's compensation claim was dismissed on September 9, 2020, and is currently on appeal.

Bess remained out on A&S leave and received short term disability ("STD") benefits for the maximum term of 26 weeks. At that time, Bess applied for long term disability ("LTD") benefits[2] and received LTD benefits through the date of Bess' termination on June 22, 2019.

GPI maintains Bess was terminated on June 22, 2019 under the CBA, that provides that if an employee is disabled from work for 18 months, the employee shall be conclusively deemed to have terminated their employment with GPI. Cuppia Affidavit at paragraphs 4-6 and Exhibit GPI No. 1 (CBA) at Article 18(d) on Leave of Absence.

On December 26, 2019, Bess filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination under the American with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). On February 7, 2020, the EEOC issued a Dismissal and Notice of Rights as to the alleged acts of discrimination, stating that based upon the information received, the EEOC was unable to establish violations. On May 6, 2020, Bess filed his Complaint, seeking damages against GPI under the ADEA, ADA, and Worker's Compensation Retaliation as a result of his June 19, 2019 termination.

---

[2] A&S benefits, STD, and LTD benefits are for non-work related injuries or sickness.

## II. LAW AND ARGUMENT

GPI has filed its Motion for Summary Judgment as to all of Bess' claims.

> Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed.R.Civ.P.* 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*
>
> If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255.

*Pettiford v. Graphic Packaging International, Inc.*, 2013 WL 5303640 at page 2, (W.D. La. September 20, 2013).

### A. Age Discrimination in Employment Claim

Bess' first claim of discrimination is under the ADEA.

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individuals with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age," 29 U.S.C. § 623(a)(1).

3

In order to prove a *prima facie* case of age discrimination under the ADEA, a plaintiff must show that he was: (1) discharged; (2) qualified for the position; (3) within the protected age group at the time of the discharge; and (4) either replaced by someone younger or outside the protected class, or otherwise discharged because of age." *Phillips v. Leggett & Platt, Inc.* 658 F.3d 452, 455 (5th Cir. 2011). Assuming that Bess can prove the first three prongs of the required proof, he cannot prove the fourth requirement that he was replaced by someone younger.

As shown by the Cuppia Affidavit at ¶8, Bess was replaced under an established seniority system (through the CBA) and that his replacement was not outside the protected class nor was he younger than Bess. Bess was replaced by a co-worker who at the time was sixty-one years of age (at least twenty-three years older than Bess). Accordingly, Bess is unable to establish a *prima facie* case of age discrimination under the ADEA and his age discrimination claims fails as a matter of law.

Assuming that Bess can show a *prima facie* case of age discrimination, GPI has articulated a legitimate, nondiscriminatory reason for Bess' termination. His termination was mandated by the terms of the CBA negotiated between GPI and the Union which represented Bess.

Bess' claim of age discrimination is examined under the framework established by the court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed. 2d 668 (1973). According to this framework:

> First, the plaintiff must prove a *prima facie* case of age discrimination. In this circuit, a *prima facie* case consists of evidence that a plaintiff: (1) was discharged; (2) was qualified for the position; (3) was within the protected class at the time of discharge; (4) was replaced by someone outside the protected class, or …by someone younger, or… show otherwise that his discharge

4

>was because of age. If the plaintiff succeeds, the burden of production shifts to the defendant to rebut the presumption of discrimination created by the *prima facie* case by articulating a legitimate, nondiscriminatory reason for its disparate treatment of the plaintiff. Finally, the plaintiff must prove that the defendant's reasons are pretexts for unlawful discrimination either by showing that a discriminatory reason more likely motivated the defendant or by showing the defendant's reason is unworthy of credence. The plaintiff retains the burden of persuading the fact finder that impermissible discrimination motivated the adverse employment decision.

*Pacovsky v. City of Booneville, Mississippi,* 347 Fed. Appx. 42 (5th Cir. 2009), citing *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1504-05 (5th Cir. 1988).

As shown by GPI, the termination of Bess was required under a provision within the CBA negotiated by the Union with GPI, which states that if an employee is disabled from work for eighteen months, the employee "shall be conclusively deemed to have terminated their employment with [GPI]." *See* CBA at Article 18(d) on Leave of Absence (Exhibit GPI No. 1). As set forth in the termination documents, and as shown by the information on Bess' continuance of leave from work, Bess was terminated because he (Bess), by contract, was "conclusively deemed" to have terminated his employment under the CBA.

GPI has articulated a legitimate, nondiscriminatory reason for the termination of Bess. GPI did not need to go into the detail set forth above, as its burden is simply to articulate a reason, and is therefore only a burden of production, not persuasion. *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 142, 120 S.Ct. 2097, 2106, 147 L.Ed. 2d 105 (2000). Once the nondiscriminatory reason is articulated, then it is the plaintiff's burden of proof to show that the employer's reason is pretextual or unworthy of credence. *Reeves*, 530 U.S. at 143, 120 S.Ct. at 2106. "But a reason cannot be proved to be a "pretext for discrimination" unless it is shown both that the reason was false, and that discrimination was the real reason." *Holliday v.*

*Commonwealth Brands, Incorporated,* 2012 WL 3176316 (5th Cir. 8/3/2012). Although Bess filed an Opposition [Doc. No. 17] he did not provide any evidence to establish the termination was pretextual or unworthy of credence. Since Bess has failed to meet this burden, GPI is entitled to summary judgment as to this claim.

> B. **Americans With Disabilities Act Claim**

The ADA prohibits employers from discriminating against a "qualified individual" with a disability on the basis of that disability. 42 U.S.C. §12101, *et seq.* As stated in *EEOC v. Mid South Extrusion, Inc.*, 341 F.Supp. 3d 653, 658 (W.D. La. 10/18/2018):

> In a termination action under the ADA, the employee may either present direct evidence that he was discriminated against because of his disability or alternatively proceed under the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Bess has not provided any allegations or evidence with regard to direct evidence of discrimination and therefore this matter would fall within the category of circumstantial evidence of discrimination. Under this procedure in order to prove a *prima facie* case, Bess "must show that: (1) the plaintiff has a disability, or was regarded as disabled; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision on account of his disability." *Cannon v. Jacobs Field Services North American, Inc.,* 813 F.3d 586, 590 (5th Cir. 2016). Bess has failed to prove a *prima facie* case.

Even if Bess were able to establish a *prima facie* case, GPI would then be required to "articulate a legitimate non-discriminatory reason for the adverse employment action." *EEOC v. Chevron Phillips Chem. Co., LP,* 570 F.3d 606, 615 (5th Cir. 2009). GPI does have a legitimate non-discriminatory basis for Bess' termination. GPI issued the termination of Bess in accordance with the terms of the CBA governing its employment relationship with its hourly

employees (like Bess), because Bess is "conclusively deemed" by contract to have terminated his employment with GPI.

The CBA under Article 18(d) on Leave of Absence (Exhibit GPI No. 1) provides that if an employee is disabled from work for eighteen months, the employee "shall be conclusively deemed to have terminated their employment with [GPI]." Bess began his leave of absence under the A&S policy on December 22, 2017 and remained continuously off work under the STD and LTD policy benefits until he was deemed to have terminated his employment effective on June 22, 2019. The continuous eighteen month leave of absence resulted in the termination of Bess under the provisions of the CBA negotiated on his (and other hourly employees') behalf by the Union.

GPI's burden is to articulate a reason, and is therefore only a burden of production, not persuasion. *Reeves v. Sanderson Plumbing Prod. Inc.,* 530 U.S. 133, 142, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000). Once the nondiscriminatory reason is articulated, then it is the plaintiff's burden of proof to show that the employer's reason is pretextual or unworthy of credence. *Reeves*, 530 U.S. at 143, 120 S.Ct. at 2106 (citations omitted).

Again, Bess has not provided any evidence to establish that his termination was pretextual or unworthy of credence. Therefore, GPI is also entitled to summary judgment on this claim.

### C. Worker's Compensation Retaliation Claim

Bess' final claim is for workman's compensation retaliation. He has made no specific allegations to support this claim. La. R.S. 23:1361 B, provides:

> No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer

7

>from discharging an employee who because of injury can no longer perform the duties of his employment.

The cause of action for worker's compensation retaliatory discharge and the appropriate burdens of proof were stated in *Lee v. Future Expectations Community Care Services*, *LLC*, (La. App. 2nd Cir. 2014), 152 So.3d 1035, 1037-1038.

>The purpose of La. R.S. 23:1361 B is "to prevent unjust dismissals and to allow employees to exercise their right to worker's compensation benefits without fear of retaliatory action by their employers." *Ducote v. J.A. Jones Const. Co.,* 471 So.2d 704, 707 (La. 1985); Hooker *v. Wal-Mart Stores, Inc.*, 38,350 (La. App. 2d Cir. 04/07/04), 870 So.2d 1131, *writ denied*, 2004-1420 (La. 09/24/04), 882 So.2d 1142. Even so, the employee bears the burden of proving by a preponderance of the evidence that he was terminated for that reason. *Hooker, supra; Lewis V. Willamette Indus. Inc.* 537 So.2d 780 (La. App. 2d Cir. 1989), *writ denied*, 540 So.2d 331 (La. 1989). When the employer offers another justification in connection for firing a worker's compensation claimant, the trial court must ascertain the employer's true reason or motive based on the facts presented. An employer cannot circumvent the statute by stretching the facts out of context or inventing an excuse for firing a compensation claimant. *Lewis, supra* at 783.

Bess has alleged no facts that would indicate in any way that the termination was in retaliation for the filing of a worker's compensation claim. It is Bess' burden of proof to show that he was unjustly terminated for the sole reason that he filed a worker's compensation claim. As previously stated with the prior discussions on Bess' other claims, GPI had a basis for the termination which was in accordance with the long-standing provisions of the CBA which governs the hourly employees at GPI like Bess.

Bess has provided no allegations or facts upon which a claim for worker's compensation retaliatory discharge can be based. Since Bess has not met his burden of proof, GPI shall also be granted summary judgment on this claim.

8

### III. CONCLUSION

For the reasons set forth herein, the Motion for Summary Judgment [Doc. No. 14] filed by GPI is GRANTED.

MONROE, LOUISIANA this 22nd day of February, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE